## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

BRITTANY KATE PERRIN                              CIVIL ACTION NO.

VERSUS
                                                  21-718-SDD-EWD
TRISURA SPECIALTY INSURANCE
COMPANY,  ET AL.

## RULING AND ORDER

Plaintiff Brittan Kate Perrin has failed to effect service of process on two defendants in this case, Bernabe Ramiro Sanchez Hernandez and Ricardo Gomez, despite several extensions of time. Plaintiff's claims against Hernandez and Gomez[1] will be dismissed without prejudice on the Court's own motion for failure to prosecute under Fed. R. Civ. P. 4(m),[2] Fed. F. Civ. P. 41(b), and/or Local Civil Rule 41(b)(1)(A).[3]

I.    BACKGROUND

Plaintiff Brittany Kate Perrin filed her original Petition for Damages in state court on December 17, 2020, at which time Plaintiff requested service via the Louisiana Long Arm statute on Defendant Ricardo Gomez ("Gomez"), a Texas citizen and the alleged owner of the vehicle that caused the underlying accident at issue in this suit, and requested service under the Hague Convention on Defendant Bernabe Ramiro Sanchez

---

[1] The other two defendants named by Plaintiff, Trisura Specialty Insurance Company and RCR Transportation, LLC, removed the case to this Court and have been served and appeared. They do not contest service. *See* service returns at Rec. Doc. 23-1, pp. 167, 189. Plaintiff's claims against these defendants will be permitted to proceed.

[2] The ninety-day time limit in Fed. R. Civ. P. 4(m) applies to service of Gomez, alleged to be a Texas citizen, but not service in a foreign country as to Hernandez, alleged to be a Mexican citizen. *See* Fed. R. Civ. P. 4(m), which does not apply to service in a foreign country under Fed. R. Civ. P. 4(f).

[3] *See* Fed. R. Civ. P. 4(m), which permits *sua sponte* dismissal for lack of prosecution and *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) ("Fed. R. Civ. P. 41(b) authorizes the district court to dismiss a claim for failure of prosecution. Although the rule speaks of dismissal pursuant to a motion by the defendant a district court may dismiss *sua sponte,* with or without notice to the parties. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.") (citing *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

Hernandez ("Hernandez"), a Mexican citizen and the alleged driver of the vehicle.[4]  The state court record does not reflect that service was effected on either defendant prior to removal on December 17, 2021.[5]

Because Gomez and Hernandez had not appeared, the Court continued the March 10, 2022 scheduling conference to March 31, 2022.[6] The parties' March 17, 2022 amended joint status report stated that, "At this time, Ricardo Gomez has been served but has not filed any responsive pleadings. It appears that although Ricardo Gomez was listed on the police report, he has no connection to any of the other defendants and will be dismissed from this matter.  Regarding Bernabe Ramiro Sanchez Hernandez, he has not been served and has not filed any responsive pleadings. Mr. Hernandez is believed to be a citizen of Mexico and thus may require international process service under the Hague Convention. Discovery requests regarding Mr. Hernandez's address have been propounded. Accordingly, more time will be needed for service."[7]  In light of these representations, Plaintiff was ordered to file a motion for extension of time to serve Hernandez by no later than March 31, 2022, if she sought additional time for service on Hernandez.  Plaintiff was further ordered to file a notice of dismissal, dismissing her claims against Gomez  pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) by no later than March 31, 2022, if she intended to dismiss her claims against Gomez.  In light of the service issues as to these Defendants, the March 31, 2022 scheduling conference was canceled and entry of a scheduling order was deferred.[8]

---

[4] Rec. Doc. 1-1, pp. 1, 4; Rec. Doc. 10, p. 6.
[5] Rec. Doc. 1. The basis for the Court's jurisdiction is diversity of citizenship under 28 U.S.C. § 1332. The parties are completely diverse and Plaintiff pleaded that her damages exceed $75,000 in her amended state court petition.  Rec. Doc. 1-1, p. 6 and Rec. Doc. 10, pp. 5-6.
[6] Rec. Doc. 13.
[7] Rec. Doc. 14, p. 4.
[8] Rec. Doc. 16.

Om March 31, 2022, Plaintiff filed an "Opposition to Dilatory Exception of Vagueness, Ambiguity, and Conformity of Petition and Want of Amicable Demand," which was apparently ruled upon by the state court prior to removal.[9]  However, to the extent that Plaintiff sought additional time to serve Hernandez in the opposition, Plaintiff was granted leave to file service information in the record as to Hernandez by no later than June 30, 2022.[10] Plaintiff was warned at that time that failure to comply could result in dismissal of Plaintiff's claims against Hernandez without further notice.[11]  Plaintiff did not comply with the Court's March 24, 2022 and March 30, 2022 Orders, and therefore, Plaintiff was ordered to show cause why her claims against Gomez and Hernandez should not be dismissed for lack of service on these Defendants.[12]

On July 15, 2022, Plaintiff filed a response to the show cause order, stating that defense counsel advised that the only address he had for Hernandez is on the accident report, that Plaintiff had yet to find a correct address for Hernandez, and that Hernandez is no longer employed by Defendant RCR Transportation, LLC. ("RCR"). Similarly, Plaintiff stated that she had attempted to serve Gomez at the address listed on the accident report but service had not been effected on Gomez.  Plaintiff again referred to the fact that she had previously propounded discovery requests to Defendants seeking information regarding the current addresses for these Defendants, as well as Gomez's

---

[9] Rec. Doc. 18.
[10] Rec. Doc. 19.
[11] Rec. Doc. 19.
[12] Rec. Doc. 20.

role in this litigation, if any, but had not yet received Defendants' responses.[13]  Plaintiff sought additional time to serve these Defendants.[14]

During the hearing, Plaintiff stated that she was still awaiting Defendants' responses to discovery, which were served with the state court Petition, including production of Hernandez's personnel file.  Despite the above-referenced allegations in the amended status report, Plaintiff had not dismissed Gomez because he was listed on the accident report as the owner of the vehicle.  Defendants confirmed that Hernandez is no longer employed with RCR and that they had given Plaintiff's counsel the only address they had for Hernandez.  Defendants stated that that the accident report's listing of Gomez as owner of the vehicle that caused the accident was in error, as Gomez is believed to be a Department of Transportation and Development consultant.[15] Defendants did not have Hernandez's personnel file and sought thirty days to respond to the discovery requests.

In light of counsel's agreement to discuss the service issues, Plaintiff was granted one further thirty-day extension of time, until August 18, 2022, to file adequate service information in the record for Gomez and Hernandez. Plaintiff was advised that her failure to provide adequate service information would result in a recommendation that Plaintiff's claims be dismissed against these Defendants.[16]

---

[13] Plaintiff's references to her discovery requests all appear to relate to the same (and only) set of discovery requests in the record, which were propounded with the Petition while this matter was in state court, in December 2020. Rec. Doc. 23-1, p. 7.

[14] Rec. Doc. 21.

[15] However, Defendants believed that the address listed for Gomez (where Plaintiff attempted to serve Gomez) could be associated with the owner of the vehicle.

[16] *See* Rec. Doc. 22, p. 4: "**Plaintiff's failure to timely comply with this Order will result in a recommendation that Plaintiff's claims against Defendants Gomez and Hernandez be dismissed without further notice.**" (emphasis in original).

Plaintiff did not file adequate service information in the record for Gomez and Hernandez on or before August 18, 2022. Rather, Plaintiff filed "Plaintiff's Memorandum in Response to the Extension to File Adequate Service Information Into the Record" ("Memorandum"). In her Memorandum, Plaintiff requests additional time to serve Hernandez, re-iterating that he *may* require international service of process. Plaintiff also states that that she received discovery responses from Defendants on August 17, 2022, which may shed light on Gomez's role (or lack thereof) in this case, and requests additional time to review the responses and obtain information on Gomez.[17]

## II.   LAW AND ANALYSIS

### A.   Plaintiff Has Failed to Effect Service of Process on Hernandez and Gomez as Ordered and Has Failed to Prosecute Her Claims

Fed. R. Civ. P. 4(m) applies to service on Gomez, and provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As to both Defendants, Fed. R. Civ. P. 41(b) provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)…operates as an adjudication on the merits.

---

[17] Rec. Doc. 23. Attached to the Memorandum is a 216-page exhibit that consists mainly of pleadings. Rec. Doc. 23-1.

A district court may dismiss a case on its own motion under Rule 41(b) with or without notice to the parties.[18]  Finally, Local Civil Rule 41(b) provides:

> (b) Dismissal for Failure to Prosecute.
>
>> (1) A civil action may be dismissed by the Court for lack of prosecution as follows:
>>> (A) Where no service of process has been made within 90 days after filing of the complaint…
>>
>> (2) Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action…

Plaintiff has received several extensions of time to serve Hernandez and Gomez.[19] Further, well more than fourteen days have elapsed since the Court's July 19, 2022 Show Cause Order requiring Plaintiff to file adequate service information in the record as to Hernandez and Gomez by no later than August 18, 2022, and there is no evidence in the record of service of process on either Defendant in violation of Local Rule 41(b)(1)(A) (and Fed. R. Civ. P. 4(m) as to Gomez), nor have they appeared.  Furthermore, Plaintiff's August 18, 2022 Memorandum does not establish good cause for Plaintiff's failure to serve these Defendants. Other than relying on the Accident Report and August 2022 discovery responses from Defendants (to requests that were propounded with the Petition in December 2020, but which Plaintiff never sought to compel),[20] Plaintiff has not stated any other actions she took to determine the correct addresses to serve these Defendants. As to Hernandez, Plaintiff most recently stated that she received a new Mexican address for Hernandez from Defendants on August 17, 2022, but contended that she had not had

---

[18] *See Boudwin,* 756 F.2d at 401.
[19] Rec. Docs. 19, 22.
[20] Rec. Doc. 23-1, p. 7, Rec. Doc. 18-1, p. 1, Rec. Doc. 23, p. 2.

time "to confirm that service has been made or even attempted," and repeats that, "[a]s a foreign citizen, [Hernandez] *may* require international service of process.   Thus, more time will be needed to effect service."[21] By the latter statement, Plaintiff represents that she is still unaware of whether Hernandez will actually need international service of process, nor has she provided any evidence showing that she attempted international service prior to August 18, 2022.[22]  Considering that this matter has been pending in this Court since December 17, 2021, Plaintiff has failed to make adequate attempts at service and/or to dismiss claims against these Defendants, particularly Gomez, whom Plaintiff previously stated she would dismiss.[23]  By this point, Plaintiff has had ample time to conduct discovery with the removing Defendants to determine if she has viable claims against Gomez.

Finally, while the Memorandum seeks additional extensions of time to serve Hernandez and Gomez and to obtain information regarding Gomez, these requests were not properly raised by motion, as required by Fed. R. Civ. P. 7(b)(1). Even so, Plaintiff received ample additional time to effect service and obtain additional information.  Three and half months have elapsed since the filing of Plaintiff's Memorandum, and Plaintiff has still failed to file adequate service information into the record as to these Defendants and/or to dismiss Gomez.  As such, Plaintiff has failed to prosecute her claims against

---

[21] Rec. Doc. 23, p. 1 (emphasis added) and *see* Rec. Doc. 14, p. 4, Rec. Doc. 18-1, p. 1, and Rec. Doc. 21, p. 1., all making this statement.
[22] Prior to this date, Plaintiff requested international service on Hernandez in the Petition, but there is no indication if any steps were taken in furtherance.  R. Doc. 1-1, p. 4.  On August 18, 2022, Plaintiff attempted long-arm service on Hernandez, evidenced merely by a United States Postal Service receipt and USPS Customs Declaration and Dispatch Note. Rec. Doc. 23-2.
[23] Rec. Doc. 14, p. 4.

Hernandez and Gomez, which have been pending for nearly two years,[24] and Plaintiff's claims against these defendants willl be dismissed without prejudice, *sua sponte*.[25]

### III.    ORDER

Accordingly,

**IT IS ORDERED** that, pursuant to Fed. R. Civ. P. 41(b) and Local Civil Rule 41(b)(1)(A), all claims of Plaintiff Brittany Kate Perrin against Bernabe Ramiro Sanchez Hernandez and Ricardo Gomez be **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to effect service of process on these defendants.

**IT IS FURTHER ORDERED** that the dismissal be **WITHOUT PREJUDICE** to Plaintiff's right to seek reinstatement of her claims against Bernabe Ramiro Sanchez Hernandez and Ricardo Gomez within thirty days of this Ruling upon a showing by Plaintiff of good cause.

Signed in Baton Rouge, Louisiana, this 20 day of December , 2022.

**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[24] The Petition was filed in state court on December 17, 2020. Rec. Doc. 1-1, p. 1.  The case was removed on December 17, 2021. Rec. Doc. 1.
[25] *Boudwin,* 756 F.2d at 401 and *Davis v. Cnty. of Dallas,* No. 3:19-CV-1494-B-BK, 2020 WL 1259143, at *2 (N.D. Tex. Feb. 18, 2020), report and recommendation adopted, No. 3:19-CV-1494-B, 2020 WL 1249636 (N.D. Tex. Mar. 13, 2020) (dismissing the pro se plaintiff's case without prejudice due to the plaintiff's failure to  timely  effectuate service of  summonses  and  copies  of  his  complaint on the defendants as required by the Federal Rules of Civil Procedure and failure to follow a court order).